IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RORY SHANE DAVIS, SR., <br><br> Plaintiff, <br><br> vs. <br><br> UNIT SUPERVISOR MARK D. and DONNA BENSON, <br><br> Defendants. | CV 18-00102-H-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Rory Davis filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated the anonymity law and HIPPA by listing his name on a wall at the Connections Corrections Program (CCP) treatment program. (Doc. 2.) The Complaint fails to state a federal claim for relief and should be dismissed.

## I.  STATEMENT OF THE CASE

### A.  Parties

Mr. Davis is a former state prisoner proceeding in forma pauperis and without counsel. He names Unit Supervisor Mark D and Donna Benson, employees of CCP as Defendants. (Complaint, Doc. 2 at 4-5.)

### B. Allegations

Mr. Davis alleges that Defendant Mark D asked him to put a list of "Rough

1

Riders" names on a wall at the CCP treatment program on August 1, 2018. Mr. Davis objected to his name being put on the wall. Thereafter, on August 16, 2018 his parole was rescinded for failure to complete CCP. (Complaint, Doc. 2 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Mr. Davis is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to

3

draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Mr. Davis contends his rights under the anonymity law and HIPPA were violated by listing his name on the wall at CCP. Presumably, Mr. Davis is referring to the Health Insurance Portability and Accountability Act ("HIPPA"). HIPPA, however, does not provide a private right of action to persons who believe their HIPPA rights have been violated. *Webb v. Smart Documents Sols, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007).

The Court is not aware of an "anonymity law" but will construe Mr. Hamilton's claims as an alleged violation of his right to privacy. The

constitutional right of privacy includes the interest in avoiding disclosure of personal matters. *Davis v. Bucher*, 853 F.2d 718, 719 (9th Cir. 1988). However, that right only protects "select privacy interests." *People of State of Cal. v. F.C.C.*, 75 F.3d 1350, 1361 (9th Cir. 1996). The constitutional right to privacy has been limited by the United States Supreme Court to interferences with "a person's most basic decisions about family and parenthood . . . as well as bodily integrity." *Id.* (*citing Planned Parenthood v. Casey*, 505 U.S. 833, 849 (1992)).

Mr. Davis's only allegation is that his name was displayed on a wall at the CCP treatment program. Mr. Davis does not have a protected privacy interest in his name being displayed on a wall. His placement at CCP was a matter of public record and was not a violation of his privacy.

## III. CONCLUSION

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Mr. Davis's Complaint fails to state a claim

upon which relief may be granted. The defects set forth above could not be cured by the allegation of additional facts. Accordingly, the Court recommends that this matter be dismissed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaints lack arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Davis may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of May, 2019.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Davis is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.